## HENRY BARROILHET *v.* EDMUND V. HATHAWAY.

LIEN OF JUDGMENT.—The two years during which a judgment remains a lien on real estate commence to run from the docketing of the judgment, unless the judgment is stayed by an order of the Court pending a motion for new trial, or a stay bond on appeal.

EFFECT OF STAY OF PROCEEDINGS UPON JUDGMENT LIEN.—The time during which proceedings are stayed by order of the Court, or a stay bond on appeal, must be excluded from the computation of the time during which the judgment remains a lien.

IDEM.—If any time is allowed to elapse between the docketing of the judgment and the stay of proceedings, such time must be included in the computation of the time during which the judgment remains a lien.

EFFECT OF STAY BOND ON APPEAL UPON LIEN OF JUDGMENT.—The filing of a stay bond on appeal suspends the running of the time during which the judgment remains a lien until the filing of the remittitur from the Supreme Court.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Lewis Brady owned a tract of land in Alameda County, and on the 27th day of November, 1861, a judgment was docketed against him in favor of respondent, Hathaway, for ten thousand and eighty-seven dollars and fifty-two cents and costs. Brady moved for a new trial, which was denied November 17th, 1862. He then appealed to the Supreme Court, and on the 3d day of December, 1862, filed an appeal bond staying an execution. The Supreme Court affirmed the judgment, and a remittitur was filed in the Court below on the 4th day of November, 1863. July 12th, 1864, Brady sold the land to appellant. On the 29th day of September, 1865, respondent had an execution issued, and the Sheriff advertised, and on the 27th day of November, 1865, sold all the interest which Brady had in the land when the judgment was docketed. Over eleven months had expired from the time the judgment was docketed until the execution was stayed on appeal, and more

than one year and ten months elapsed from the time the remittitur was filed in the Court below, before the execution was issued. Hathaway was the purchaser at the Sheriff's sale. Appellant claimed that the lien of the judgment had expired, while respondent claimed that the two years lien of the judgment did not commence to run when it was docketed, but when the remittitur was filed in the Court below. There had been an injunction restraining the sale under the execution, which had delayed the sale several weeks, but it was dissolved November 25th, 1865. The next day after the Sheriff's sale, appellant and respondent entered into a contract, under seal, by the terms of which respondent, in consideration of eleven thousand eight hundred and seventy-eight dollars and fifty-five cents, then paid him by appellant, sold to appellant all the right he had under the Sheriff's certificate of purchase. The contract also provided that if the lien of the judgment had expired before the levy under the execution, respondent, on demand, would repay the money. This action was brought to recover back the money. Defendant recovered judgment in the Court below, and plaintiff appealed.

*Edward J. Pringle,* for Appellant, argued that as the statute provided that "from the time the judgment is docketed it shall become a lien," and that "the lien shall continue two years," the two years did not commence running at the time a remittitur was filed, and that if any part of the two years had expired before proceedings were stayed on appeal, that part went to make up the two years lien; and cited *Dowell* v. *Webber,* 2 S. & M. 452; *Abbott* v. *McElroy,* 10 S. & M. 100; and *Stickmesser* v. *Graham,* 10 Wis. 37.

*Crane & Boyd,* for Respondent, argued that the two years lien commenced running at the time the remittitur was filed, and that *Dewey* v. *Latson,* 6 Cal. 130, and *Englund* v. *Lewis,* 25 Cal. 337, were decisive of this question.

By the Court, SANDERSON, J.:

The two years mentioned in the two hundred and fourth section of the Practice Act, which relates to judgment liens, commence to run from the docketing of the judgment, unless execution is stayed by an order of the Court pending a motion for a new trial or by an appeal with a stay bond. The time during which execution is thus stayed constitutes no part of the two years, but is to be omitted from the computation. Any period of time, however, which may transpire between the docketing of the judgment and the stay of proceedings, is to be included in the computation. A stay of proceedings, either by an order of the Court pending a motion for a new trial or by an appeal with a stay bond, merely suspends the running of the statutory time. But it does not postpone the commencement of the statutory limitation until after the stay has ceased, as contended by counsel for respondent.

There is nothing in the case of *Dewey* v. *Latson*, 6 Cal. 130, or of *Englund* v. *Lewis*, 25 Cal. 337, opposed to this conclusion. On the contrary, the only point decided in *Dewey* v. *Latson* was, that an appeal with a stay bond suspended the running of the statute for the time being, and until the return of the case from the appellate Court. The question presented by the record in this case was not made in that, nor considered by the Court. In *Englund* v. *Lewis* nothing new was decided, so far as the present point is concerned. The rule in *Dewey* v. *Latson* was followed upon the ground of *stare decisis*, without any discussion upon its merits. We do not consider that there is anything in the opinion of the Court in either case which gives countenance to the construction put upon them by counsel for the respondent. The facts and reasoning are opposed throughout to such a conclusion. It is possible that the language employed might have been more exact, but whether so or not, it is a universal rule of construction in such cases that the general language of the Court is to be understood as limited by the conditions to which it is addressed.

Upon the facts, as found by the Court below, the plaintiff

was entitled to a judgment. The judgment therefore is reversed, and the cause remanded for further proceedings.